1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   120 Howard Street, Suite 520
3  San Francisco, CA 94105
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8

9              UNITED STATES DISTRICT COURT

10       FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | GIL CROSTHWAITE, et al., as Trustees of the | Case No.: C07-5045 MMC
13 | OPERATING ENGNEERS HEALTH AND | **NOTICE OF MOTION AND MOTION**
   | WELFARE TRUST FUND FOR NORTHERN | **FOR DEFAULT JUDGMENT; POINTS**
14 | CALIFORNIA, et al., | **AND AUTHORITIES IN SUPPORT**
   | | **THEREOF**
15 | Plaintiffs, |
16 | v. | Date:  May 16, 2008
17 | JOHN TAYLOR NORTHROP, individually | Time:  9:00 a.m.
   | and dba KRISTIN CONSTRUCTION, |
18 | | Location:  450 Golden Gate Avenue
   | Defendant. |             San Francisco, California
19 | |
20 | | Courtroom: 7, 19th Floor
21 | | Judge:  The Honorable Maxine M. Chesney

22 TO JOHN TAYLOR NORTHROP, individually and dba KRISTIN CONSTRUCTION:

23        PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 55(b)(2), the
24
25 court shall conduct a hearing on the application of the plaintiffs for the entry of default judgment
26 in this matter.  Said hearing shall be conducted on **Friday, May 16, 2008, at 9:00 a.m.**, or as soon
27 thereafter as counsel may be heard before the **Honorable Maxine M. Chesney**, in **Courtroom 7,**
28 **19th Floor, Federal Courthouse, 450 Golden Gate Avenue, San Francisco, California**. Court

                                                                                              1
                              **NOTICE OF MOTION FOR DEFAULT JUDGMENT**
                                                        **CASE NO.: C07-5045 MMC**

information from the United States District Court, Northern District of California website regarding the location of the Courthouse is attached hereto as *Exhibit A*.

### POINTS AND AUTHORITIES

**I.    STATEMENT OF RELIEF SOUGHT.**

Plaintiffs seek entry of a judgment by default ordering defendant to make payment of employee benefit contributions due and unpaid by defendants John Taylor Northrop, individually and dba Kristin Construction, for amounts found due on audit for the period of January 1, 2004 through March 31, 2007; the liquidated damages and interest incurred thereon; auditors' fees and costs; fringe benefit shortages and unpaid liquidated damages and interest thereon for the period July 2006 through February 2007; that defendants provide reports for the period March 2007 through the present; and the attorneys fees and costs incurred in this action.

Pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements, defendants are indebted to the Trust Funds for the following known amounts:

| | | |
|---|---|---|
| Contributions (7/06-2/07) | $49,099.39 | |
| Liquidated damages | $7,154.36 | |
| Interest | $12,278.80 | |
| | | **$68,532.55** |
| Unpaid contributions found due on audit (1/1/04-3/31/07) | $17,787.51 | |
| 15% Liquidated Damages | $3,880.30 | |
| 12% Interest on combined contributions and liquidated damages found due on audit (to 7/20/07) | $1,650.52 | |
| Wage violations | $3,468.47 | |
| Audit Fees and Costs | $11,377.69 | |
| | | **$38,164.48** |
| 12% Interest on unpaid or underpaid contributions per audit (7/21/07-5/16/08) | | **$2,137.10** |
| Attorneys Fees (8/5/07-47/08) | | **$2,558.50** |
| Costs of Suit | | **$587.50** |
| **TOTAL** | | **$111,980.13** |

**NOTICE OF MOTION FOR DEFAULT JUDGMENT**
**CASE NO.: C07-5045 MMC**

**II.    ARGUMENT.**

    **A.    BACKGROUND.**

As the Court's file will reflect, plaintiffs filed this action on October 1, 2007. Service on the defendant John Taylor Northrop, individually and dba Kristin Construction, was completed by October 18, 2007. A Proof of Service was filed with the Court on November 26, 2007. Defendant has failed to plead or otherwise defend or appear, and pursuant to plaintiffs' request, the Clerk entered the defendant's default on December 3, 2007.

    **B.    THE COURT IS AUTHORIZED TO ENTER DEFAULT JUDGMENT.**

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of judgment by default. This action was filed on October 1, 2007. Service on the defendant John Taylor Northrop, individually and dba Kristin Construction, was completed by October 18, 2007. A Proof of Service was filed with the Court on November 26, 2007. Defendant failed to plead or otherwise defend or appear per the Court's Order, and pursuant to plaintiffs' request, the Clerk entered the defendant's default on December 3, 2007. Plaintiffs are therefore entitled to a default judgment in their favor and request that the Court now enter default judgment against John Taylor Northrop, individually and dba Kristin Construction.

Defendant was properly served with plaintiffs' Request to Enter Default and Notice of Request for Default Judgment, and has made no appearance in this matter. The defendant is not an infant or incompetent person. Accordingly, there exists no obstacle to the granting of plaintiffs' motion.

    **C.    INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES AND COSTS SHALL BE AWARDED TO PLAINTIFFS.**

ERISA Section 515 (29 U.S.C. § 1145) states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such

3

1
                contributions <u>in accordance with the terms and conditions of such</u>
                <u>plan or such agreement.</u>  (<u>Emphasis</u> added).

2

3
      At the time of the October 1, 2007 filing of this action, John Taylor Northrop, individually

4
and dba Kristin Construction, had failed to submit payment of contributions he reported as due for

5
the period July 2006 through February 2007, and failed to pay amounts found due on an audit for

6
the period January 1, 2004 through March 31, 2007, plus liquidated damages, interest and

7
auditors' fees.  Demand for the audit payment had been made on August 20, 2008, without

8
response.

9

10
      None of the contributions due have been paid nor has payment of liquidated damages and

11
interest which accrued for those unpaid contributions been made.  Interest on delinquent and

12
unpaid contributions, as well as liquidated damages, attorneys fees, and costs in an action for

13
collection of contributions are authorized by ERISA Section 502(g), 29 U.S.C. 1132(g), which

14
states:

15
                (g)(2)In any action under this title by a fiduciary for or on behalf of

16
                a plan to enforce section 515 (29 U.S.C. § 1145) in which a
                judgment in favor of the plan is awarded, the court shall award the

17
                plan

18
                (B)    interest on the unpaid contributions

19
                (C)    an amount equal to the greater of

20

21
                    (i)  interest on the unpaid contributions,
                    (ii) liquidated damages provided for under the plan in an amount not in
                    excess of 20 percent [of the unpaid contributions],

22

23
                (D)    reasonable attorneys fees and costs of the action, to be paid by the
                    defendant, and

24

25
                (E)    such other legal or equitable relief as the court deems appropriate.

26
      The plaintiffs' action in this matter is based on the statutory duty provided by ERISA

27
Section 515 for payment of contributions provided by the terms of a valid Collective Bargaining

28
Agreement to which defendant is signatory. Defendant's failure to comply with the terms of that

4

1   Agreement by failing to pay contributions as revealed above was the cause of this litigation, at

2   great expense to plaintiffs in administration, attorneys fees, and costs, and plaintiffs therefore

3   request that default judgment be entered in their favor.   Upon entry of judgment in favor of

4   plaintiffs, interest, liquidated damages, attorneys fees, and costs must be awarded pursuant to

5   ERISA Section 502(g)(2)(B)(C) and (D).

6

7          D.     STATUTORY AWARD OF LIQUIDATED DAMAGES,
                 INTEREST, AND ATTORNEYS FEES IS MANDATORY.

8

9         To award statutory liquidated damages, the Ninth Circuit requires that unpaid contributions

10  exist at the time the lawsuit was filed.  Idaho Plumbers & Pipe Fitters Health and Welfare Fund v.

11  United Mechanical Contractors, Inc., 875 F.2d 212 (9th Cir. 1989).  In this case, amounts found

12  due on audit for the period of January 1, 2004 through March 31, 2007, and those owed for hours

13  worked from July 2006 through February 2007, remain unpaid to date, along with the liquidated

14  damages and interest incurred by all of those delinquencies as provided above by ERISA Section

15  502(g), 29 U.S.C. 1132(g).

16

17        In Local 81 v. Wedge Roofing, 15 EBC 2470 (ND Cal. 1991), the court further specified

18  that liquidated damages shall be awarded where further unpaid contributions become delinquent

19  after the filing of the lawsuit.  Defendants have not reported to the Trust Funds for hours worked

20  from March 2007 through February 2008, so those amounts are unknown until reported by

21  defendants.

22        Under ERISA Section 502(g), 29 U.S.C. 1132(g), liquidated damages, interest, and

23  reasonable attorneys fees and costs of this action must be awarded where, as here, suit was filed to

24  collect unpaid contributions.  Pursuant to the terms of the Trust Agreement, John Taylor Northrop,

25  individually and dba Kristin Construction is liable for audit fees as well.

26

27  ///

28  ///

5

1    Plaintiffs therefore request that Judgment be entered in their favor and against John Taylor

2 Northrop, individually dba Kristin Construction.

3 Dated: April 11, 2008                    Respectfully submitted,

4
                                          SALTZMAN & JOHNSON
5                                         LAW CORPORATION

6

7                                         By:_____/s/_____
                                               Muriel B. Kaplan
8                                              Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1

PROOF OF SERVICE

2

I, the undersigned, declare:

3

I am a citizen of the United States and am employed in the County of San Francisco, State

4

of California.  I am over the age of eighteen and not a party to this action.  My business address is

5

120 Howard Street, Suite 520, San Francisco, California 94105.

6

On April 11, 2008, I served the following document(s):

7

8

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT;
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

9

on the interested parties in said action by placing a true and exact copy of each document in a

10

sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San

11

Francisco, California, addressed as follows:

12

13

**John Taylor Northrop
dba Kristin Construction
1781 Autumn Meadows
Fairfield, California 94585**

14

15

16

I declare under penalty of perjury that the foregoing is true and correct and that this

17

declaration was executed on this 11th day of April, 2008, at San Francisco, California.

18

19

_____/s/_____
Vanessa de Fábrega

20

21

22

23

24

25

26

27

28

1

**NOTICE OF MOTION FOR DEFAULT JUDGMENT
CASE NO.: C07-5045 MMC**