/Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN TAYLOR NORTHROP, individually and dba KRISTIN CONSTRUCTION,<br><br>Defendant. | Case No.: C07-5045 MMC<br><br>**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Date:  May 16, 2008<br><br>Time:  9:00 a.m.<br><br>Location:  450 Golden Gate Avenue<br>San Francisco, California<br><br>Courtroom: 7, 19th Floor<br><br>Judge:  The Honorable Maxine M. Chesney |

I, Wayne E. McBride, declare as follows:

1. I am the Collections Manager of the Operating Engineers Local Union No. 3 Trust Funds, plaintiffs in the above-captioned matter. I have held this position since January 1995. As Collections Manager, I oversee payment of employer contributions pursuant to the collective bargaining agreements and trust agreements, and initiate negotiations and collection actions on delinquent accounts.  My duties also include reviewing internal accounting reports regarding delinquent contributions owed by employers under collective bargaining agreements. In the course of my duties as Collections Manager, I became familiar with the accounts of defendant JOHN

1
**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C07-5045 MMC**

TAYLOR NORTHROP, individually and dba KRISTIN CONSTRUCTION. I therefore have personal knowledge of the matters stated herein and could competently testify to them if called upon to do so at trial.

2. KRISTIN CONSTRUCTION became signatory to the Independent Northern California Construction Agreement, the "Collective Bargaining Agreement," on May 31, 2001. It has not been terminated by either party to the Agreement. Attached hereto as *Exhibit A* is a true and correct copy of the Independent Northern California Construction Agreement.

3. JOHN TAYLOR NORTHROP is the sole proprietor of, and conducts business as, KRISTIN CONSTRUCTION. The named defendant in this action is not an infant, incompetent person, in the military or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. This knowledge is based upon comments made to me during my conversation with JOHN TAYLOR NORTHROP when I have phoned him at KRISTIN CONSTRUCTION's number for business at 775-690-5267 and successfully contacted him to discuss the status of KRISTIN CONSTRUCTION. I also know based upon my conversations with JOHN TAYLOR NORTHROP that he conducts business in California.

4. The Collective Bargaining Agreement between KRISTIN CONSTRUCTION and the Operating Engineers Local Union No. 3 incorporates the Master Agreement for Northern California between the Operating Engineers Local Union No. 3 and the Associated General Contractors of California, Inc., et al., by reference. The Master Agreements for the periods 2002-2006 and 2006-2010 (which cover the period of the audit), Section12.13.00 et seq., provide that an employer must pay any contributions due including those found due upon audit, plus auditors fees, attorneys fees and costs. Attached hereto as *Exhibit B-1 and B-2* and incorporated herein by reference are true and correct copies of this Section of each Agreement.

///

2

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C07-5045 MMC**
P:\CLIENTS\OE3CL\Kristin Construction\Pleadings\Motion for Default Judgment\C07-5045 MMC Declaration of W. McBride 040808.doc

5.     The Collective Bargaining Agreement between KRISTIN CONSTRUCTION and the Operating Engineers Local Union No. 3 incorporates the Master Agreement by reference. The Master Agreement, at Section 03.02.00, provides that an employer must provide his records to an auditor upon written request. Attached hereto as *Exhibit C* and incorporated herein by reference is a true and correct copy of this Section.

6.     The Collective Bargaining Agreement requires signatory employers to make timely contributions into the Trust Funds at a specified rate for each hour worked by, or paid by, all employees performing work covered under the Master Agreement. It also requires employers to report the number of covered hours worked by, or paid to, each of their employees performing covered work by submitting Employer Reports of Contributions, along with the amounts owed pursuant to the Reports, to the Trust Funds. The Master Agreements, Sections 12.13.01 through 12.13.03, attached hereto as *Exhibits B-1* and *B-2*, provide that liquidated damages are calculated at $35.00 or 15% of the amount due for contributions, whichever is greater, and interest is calculated at 12% per annum on the <u>combined</u> total of contributions and liquidated damages, from the 26th day of each month in which contributions due were not received or timely postmarked by the 25$^{th,}$ until payment is received.

7.     The Trust Agreements governing the Operating Trust Funds provide for an audit of the books and records of signatory employers so that the Trust Funds may determine if the employer is making full and prompt payment of required contributions. Article IV, Section 6, of the Trust Agreement for the Pension Trust Fund For Operating Engineers, which is representative of the language of the Agreements for the other Operating Engineers Trust Fund named in this proceeding, provides that:

> The Board can require the Employer. . .to submit to it any information, data, report, or documents reasonably relevant to and suitable for the purposes of such administration . . . Reasonable cause appearing therefore upon notice I writing from the Board, a Contributing Employer must permit

3

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C07-5045 MMC**

> a certified public accountant appointed by the Board to enter upon the premises of such employer during business hours, at all reasonable time or times, and to examine such books, records, papers or reports of such Contributing Employer as may be necessary to determine whether such Contributing Employer is making full and prompt payment of all sums required to be paid by him or it to this Fund.

A true and accurate copy of the Trust Agreement for the Pension Trust Fund For Operating Engineers is attached hereto as *Exhibit D*.

8.　In or about January 2007, I determined that defendants had not paid all contributions since July 2006. A question therefore arose concerning the lack of compliance by KRISTIN CONSTRUCTION with the provisions of both the Trust Agreement and the Master Agreement requiring the prompt and correct reporting and payment of all reports and contributions to the Trust Funds. An audit was required to determine the extent to which reports and contributions had and had not been made in accordance with the Collective Bargaining Agreement and Trust Agreements.

9.　On or about January 8, 2007, I authorized Hemming Morse, a certified public accounting firm and auditor for the Trust Funds, which regularly conducts compliance inspections for employee benefit plans, to commence a Special Audit on KRISTIN CONSTRUCTION.

10.　The following day, on January 9, 2007, I wrote to defendants requesting that they submit to an audit of their records by Hemming Morse, for the period January 1, 2003 through date of inspection, to determine whether they had made other required contributions. Such determination entails an inspection of an employer's records and a compilation of what that inspection discloses in the form of a report. A true and accurate copy of that letter is attached hereto as *Exhibit E*.

11.　An audit was performed for the period from January 1, 2004 through March 31, 2007. The auditor's report revealed $17,787.51 due and owing to plaintiffs for unpaid contributions. The addition of liquidated damages, interest, wage violations and auditors fees

4

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C07-5045 MMC**
P:\CLIENTS\OE3CL\Kristin Construction\Pleadings\Motion for Default Judgment\C07-5045 MMC Declaration of W. McBride 040808.doc

increase that debt to $38,164.48, as shown on the audit report. (See *Declaration of Philip J. McNally*).

12. On July 26, 2007, I referred this matter to legal counsel to pursue other known fringe benefit shortages of $49,099.39 and unpaid liquidated damages and interest, for the period July 2006 through February 2007, as well as for the audit liabilities determined on the audit just completed. A true and accurate copy of the page of Trust records summarizing unpaid contributions as reported by defendants, is attached hereto as *Exhibit F*, showing $49,088.39 still owing in contributions, and $24,591.37 owing in liquidated damages and interest through April 9, 2008.

13. None of these amounts due have been paid, as reflected in *Exhibit G*, which is a true copy of the summary of the defendants' account. This report reflects only the shortages of payments reported by defendants as due, and does not reflect the additional underpayments found due on audit.

14. On or about August 6, 2007, I wrote to defendants, enclosing a copy of the auditor's report and billing for payment of all amounts found due upon audit, plus liquidated damages, interest and audit fees, and enclosing a copy of the audit report, and allowing 5 days for payment. A true and accurate copy of that letter is attached hereto as *Exhibit H*. None of those amounts have been paid.

15. The Trust Funds have incurred auditor's and attorneys fees and costs that are detailed in the accompanying *Declaration of Muriel B. Kaplan*, filed herewith, in support of Motion for Entry of Default Judgment. Section 12.13.02 of the Master Agreements, attached hereto as *Exhibit B-1* and *B-2,* provides for the recovery of attorneys' and accountants' fees and costs in an action to determine and recover a delinquent balance due.

///

5

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C07-5045 MMC**
P:\CLIENTS\OE3CL\Kristin Construction\Pleadings\Motion for Default Judgment\C07-5045 MMC Declaration of W. McBride 040808.doc

1   I declare under penalty of perjury that the foregoing is true and correct and that if called
2   upon as a witness, I could testify to the foregoing on the basis of my personal, direct knowledge.
3   Executed this 11th day of April, 2008, at Sacramento, California.

_____/s/_____
Wayne E. McBride

## PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On April 11, 2008, I served the following document(s):

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

> **John Taylor Northrop
> dba Kristin Construction
> 1781 Autumn Meadows
> Fairfield, California 94585**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 11th day of April, 2008, at San Francisco, California.

_____/s/_____
Vanessa de Fábrega

1
**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT
CASE NO.: C07-5045 MMC**
P:\CLIENTS\OE3CL\Kristin Construction\Pleadings\Motion for Default Judgment\C07-5045 MMC Declaration of W. McBride 040808.doc