Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN TAYLOR NORTHROP, individually and dba KRISTIN CONSTRUCTION,<br><br>Defendant. | Case No.: C07-5045 MMC<br><br>**DECLARATION OF PHILIP J. McNALLY IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Date:  May 16, 2008<br><br>Time:  9:00 a.m.<br><br>Location:  450 Golden Gate Avenue<br>San Francisco, California<br><br>Courtroom: 7, 19th Floor<br><br>Judge:  The Honorable Maxine M. Chesney |

I, Philip J. McNally, declare as follows:

1. I am a Senior Auditor in the Compliance Department of Hemming Morse, Inc. ("HMI"), a certified public accounting firm which regularly conducts compliance inspections for Plaintiffs and other employee benefit plans, to determine whether employers who are obligated to make contributions to such plans have in fact made the required contributions. Such determination entails an inspection of an employer's records and a compilation of what that inspection discloses

**DECLARATION OF P. McNALLY**
**C07-5045 MMC**

in the form of a report.

2. As a Senior Auditor in the Compliance Department, I am responsible for certain inspections that are referred to HMI by the Operating Engineers Trust Funds, and supervise all of the work done on specific files, including the matter herein.

3. According to my records, on or about January 8, 2007, this office was directed by Wayne E. McBride, Collections Manager of the Operating Engineers Local Union No. 3 Trust Funds, to perform a special audit of KRISTIN CONSTRUCTION payroll records for the period January 1, 2004 through date of inspection. Paystubs for one employee for whom contributions were reportedly not made, Steve Logan, were provided to HMI for use in the audit, to assist in determining any contributions due and unpaid on his hours worked.

4. An appointment was made with defendant, and the audit review was conducted in or about April, 2007, for the period January 1, 2004 through March 31, 2007. An analysis of our findings revealed a total due of $38,164.48, which includes unpaid contributions, liquidated damages, interest, wage violations and auditors fees. Our report was issued on or about July 20, 2007 and was sent to Wayne McBride, Collections Manager. A true and accurate copy of that report is attached hereto as *Exhibit A*.

5. Liquidated damages were calculated at 15% of unpaid contributions in accordance with the Collective Bargaining Agreement, and interest was calculated at the rate of 12% per annum on the combined contributions and liquidated damages, also in accordance with the Collective Bargaining Agreement. Those amounts are shown on the attached *Exhibit A*.

6. On April 23, 2007, Defendant provided to HMI all of the documents he was able to gather for the review period of January, 2003 through March, 2007. Those documents consisted of envelopes of a large number of handwritten pay stubs not in any order of either check date or check number; California Quarterly DE-6's; Annual Federal reports for 2006; and a few months of

2004 Laborers' Trust Fund reports, to distinguish the laborer employees from the operating engineer employees.

7.   Paystubs without hours or withholding information on them were explained by Defendant to be "advance" payments which were subtracted from the employee's next pay.  All data written on the paystubs had to be recorded in an excel spreadsheet, by individual and by year, then pieces of information had to be input for each employee as that information was sporadically determined from the paystubs. The analysis revealed that paystubs were not necessarily written or paid when actual work was performed, and were not always issued in sequential check order. Nevertheless, total annual hours determined as worked by each employee were compared with the total annual hours reported to the Plaintiff Trusts, and for the employee totals that matched, the amounts were broken down by month.  Nevertheless, there were numerous paystubs with one pay date, whose check number correlated to a check date several months later.  Some checks issued in one month had hours reported a few months later. In those cases we credited the payment to the month of hours worked so that hours owed and paid would balance. All underreported hours were charged to the defendant based on the difference between paystubs and hours reported to the Trust Funds, with the exception only of one employee, Steve Logan.

4.   For Steve Logan, shown on attached *Exhibit A* at 2006 Exhibit 3, and 2007 Exhibit 4, the HMI auditor compared on a separate spreadsheet the hours noted on the paystubs with a daily log book of his hours provided by Mr. Logan.  The underreported hours for Mr. Logan consist of hours taken from the paystubs and hours taken from the log book.  It was also noted that Mr. Logan was not paid the correct wage rate listed on his dispatch record for the time period starting August 23, 2006, and ending March 31, 2007 when our testing period stopped.  A wage violation exhibit was created showing those amounts, at the last 2 pages of the attached *Exhibit A*.

///

**DECLARATION OF P. McNALLY**
**C07-5045 MMC**

5. The disorder of the paystubs and the practice of advance payment required extraordinary review time, in attempting to systematize the records to do our analysis.  Reasonable auditors fees in the amount of $11,377.69 are included in the audit, representing the extensive time spent in organizing, reviewing and analyzing the disordered records, summarizing the extensive unreported hours and calculating the resulting underpayments due, at the proper contribution rates for each employee's work level in accordance with the collective bargaining agreement in effect for each time period.

I declare under penalty of perjury that the foregoing is true and correct and that if called upon as a witness, I could testify to the foregoing on the basis of my personal, direct knowledge.

Executed this 11th day of April, 2008, at San Francisco, California.


_____/s/_____
Philip J. McNally

PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On April 11, 2008, I served the following document(s):

**DECLARATION OF PHILIP J. McNALLY IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

> **John Taylor Northrop
> dba Kristin Construction
> 1781 Autumn Meadows
> Fairfield, California 94585**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 11th day of April, 2008, at San Francisco, California.

_____/s/_____
Vanessa de Fábrega

**DECLARATION OF P. McNALLY
C07-5045 MMC**