Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN TAYLOR NORTHROP, individually and dba KRISTIN CONSTRUCTION,<br><br>Defendant. | Case No.: C07-5045 MMC<br><br>***SUPPLEMENTAL* DECLARATION OF WAYNE E. McBRIDE IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Date:  May 16, 2008<br><br>Time:  9:00 a.m.<br><br>Location:  450 Golden Gate Avenue<br>San Francisco, California<br><br>Courtroom: 7, 19th Floor<br><br>Judge:  The Honorable Maxine M. Chesney |

I, Wayne E. McBride, declare as follows:

1.  I am the Collections Manager of the Operating Engineers Local Union No. 3 Trust Funds, plaintiffs in the above-captioned matter. I have held this position since January 1995. As Collections Manager, I oversee payment of employer contributions pursuant to the collective bargaining agreements and trust agreements, and initiate negotiations and collection actions on delinquent accounts.  My duties also include reviewing internal accounting reports regarding delinquent contributions owed by employers under collective bargaining agreements. In the course

of my duties as Collections Manager, I became familiar with the accounts of defendant JOHN TAYLOR NORTHROP, individually and dba KRISTIN CONSTRUCTION. I therefore have personal knowledge of the matters stated herein and could competently testify to them if called upon to do so at trial.

2. I am submitting this Supplemental Declaration pursuant to the Court's request for clarification regarding the calculation of liquidated damages.

3. Liquidated damages were calculated at 15% of unpaid contributions in accordance with the Collective Bargaining Agreement. The requirements for calculation of liquidated damages are set forth in the Bargaining Agreement, Section 12.13.00 (see Exhibits B-1 and B-2 to my initial Declaration). Specifically, the section states:

> *12.13.00      Delinquencies.* …it is agreed that the amount of damage resulting from any such failure shall be by way of liquidated damages and not as a penalty to each such Trust the sum of **thirty-five dollars ($35.00) or fifteen percent (15%) of the amount due** and unpaid to each such Trust, *whichever is greater*, for each failure to pay in full within the time provided. Such liquidated damages shall become due and payable to each such Trust in Alameda, California, at such place as each such Trust has from time to time been determined, upon the day immediately following the date on which the Individual Employer becomes delinquent, and shall be added to and become a part of said amount due and unpaid, and the whole thereof shall bear interest at the rate of twelve percent (12%) per annum until paid.

. When contributions are paid, they are allocated on a fund by fund basis, which is how the liquidated damages are calculated. As set forth above, the Bargaining Agreement provides that they are to be 15% of the total, or $35.00, *whichever is greater*. (See Section 12.13.00). Thus, the liquidated damages for any particular fund are never lower than $35.00---this is the minimum amount applied

4. All of the liquidated damages calculated and included in Exhibit G to my initial Declaration were calculated using the same method. Accordingly, using a straight 15% of the amount due for contributions in order to calculate the liquidated damages will often yield an

incorrect result. In some cases, the fund is allocated the $35.00 minimum instead. If the Court requires it, I can break down each item on a month by month, fund by fund basis.

I declare under penalty of perjury that the foregoing is true and correct and that if called upon as a witness, I could testify to the foregoing on the basis of my personal, direct knowledge.

Executed this 21st day of May, 2008, at Sacramento, California.

_____/s/_____
Wayne E. McBride

## PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On May 22, 2008, I served the following document(s):

**_SUPPLEMENTAL_ DECLARATION OF WAYNE E. McBRIDE IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

> **John Taylor Northrop**
> **dba Kristin Construction**
> **1781 Autumn Meadows**
> **Fairfield, California 94585**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 22nd day of May, 2008, at San Francisco, California.

_____/s/_____
Vanessa de Fábrega