Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHN TAYLOR NORTHROP, individually and dba KRISTIN CONSTRUCTION,<br><br>    Defendant. | Case No.: C07-5045 MMC<br><br>*SUPPLEMENTAL* DECLARATION OF PHILIP J. McNALLY IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>Date:  May 16, 2008<br><br>Time:  9:00 a.m.<br><br>Location:  450 Golden Gate Avenue<br>              San Francisco, California<br><br>Courtroom: 7, 19th Floor<br><br>Judge:  The Honorable Maxine M. Chesney |

I, Philip J. McNally, declare as follows:

1.     I am a Senior Auditor in the Compliance Department of Hemming Morse, Inc. ("HMI"), a certified public accounting firm which regularly conducts compliance inspections for Plaintiffs and other employee benefit plans, to determine whether employers who are obligated to make contributions to such plans have in fact made the required contributions. Such determination entails an inspection of an employer's records and a compilation of what that inspection discloses

SUPPLEMENTAL DECLARATION OF P. McNALLY
C07-5045 MMC

in the form of a report.

2.  I am submitting this Supplemental Declaration pursuant to the Court's request for clarification regarding the calculation of liquidated damages.

3.  Liquidated damages were calculated at 15% of unpaid contributions in accordance with the Collective Bargaining Agreement.  The requirements for calculation of liquidated damages are set forth in the Bargaining Agreement, Section 12.13.00 (see Exhibits B-1 and B-2 of the McBride Declaration filed with the instant Motion).  Specifically, the section states:

> *12.13.00      Delinquencies.* …it is agreed that the amount of damage resulting from any such failure shall be by way of liquidated damages and not as a penalty to each such Trust the sum of **thirty-five dollars ($35.00) or fifteen percent (15%) of the amount due** and unpaid to each such Trust, *whichever is greater*, for each failure to pay in full within the time provided. Such liquidated damages shall become due and payable to each such Trust in Alameda, California, at such place as each such Trust has from time to time been determined, upon the day immediately following the date on which the Individual Employer becomes delinquent, and shall be added to and become a part of said amount due and unpaid, and the whole thereof shall bear interest at the rate of twelve percent (12%) per annum until paid.

.  When contributions are paid, they are allocated on a fund by fund basis, which is how the liquidated damages are calculated.  As set forth above, the Bargaining Agreement provides that they are to be 15% of the total, or $35.00, *whichever is* **greater**.  (See Section 12.13.00).  Thus, the liquidated damages for any particular fund are never lower than $35.00---this is the minimum amount applied

4.  The Court specifically requested further information relative to the audit amounts owed for 2004. Exhibit A to my initial Declaration is a copy of the audit report. Page 2 (the 2004 account summary) breaks the contribution amounts down on a month by month and fund by fund basis.  The bottom row shows the total for each fund. The Health and Welfare total (first Fund listed after total hours) is $67.80. As 15% of this amount would only amount to $10.17, I applied the $35.00 minimum, thus the liquidated damages for that month are $35.00. In this particular

**SUPPLEMENTAL DECLARATION OF P. McNALLY**
**C07-5045 MMC**

1  case, for the year 2004, the contributions were so low on a fund by fund basis, that I was required
2  to apply the $35.00 minimum to each fund.  There are 7 funds total, at $35.00 each, the total is
3  $245.00.  That is the amount allocated in the audit report.

    5.    This is the method that I used to calculate all liquidated damages in the audit report.

I declare under penalty of perjury that the foregoing is true and correct and that if called upon as a witness, I could testify to the foregoing on the basis of my personal, direct knowledge.

Executed this 22nd day of May, 2008, at San Francisco, California.


                        _____/s/_____
                        Philip J. McNally

# PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On May 22, 2008, I served the following document(s):

**_SUPPLEMENTAL_ DECLARATION OF PHILIP J. McNALLY IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

> **John Taylor Northrop
> dba Kristin Construction
> 1781 Autumn Meadows
> Fairfield, California 94585**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 22nd day of May, 2008, at San Francisco, California.

_____/s/_____
Vanessa de Fábrega

**SUPPLEMENTAL DECLARATION OF P. McNALLY
C07-5045 MMC**